**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-50528

RONALD E. HOLMES,

Plaintiff-Appellant,

versus

TEXAS A&M UNIVERSITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas

June 30, 1998

Before WISDOM, HIGGINBOTHAM and STEWART, Circuit Judges.

STEWART, Circuit Judge:

The opinion reported at 138 F.3d, 168 (5th Cir. 1998) is withdrawn, and the opinion below is substituted in all respects for the withdrawn opinion.

This is an appeal from the district court's dismissal of Dr. Ronald E. Holmes' Americans with Disabilities Act ("ADA") claim against his former employer, Texas A&M University ("Texas A&M"). Holmes maintains that Texas A&M terminated him due to a disability in violation of Title II of the ADA. Texas A&M sought dismissal on limitations grounds. The district court dismissed Holmes' claim with prejudice. Holmes timely appeals, asking us to decide whether the district court erred in applying Texas' two-year statute of limitations to this case. Finding no error on the part of

the district court, we AFFIRM its decision.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Holmes was a tenured associate professor of mechanical engineering at Texas A&M when he experienced a severe stroke in December 1989. He was hospitalized for three months and was removed from his job for approximately twenty months. The stroke caused a condition known as aphasia, which causes a loss of the ability to process language. Through extensive rehabilitation, Holmes relearned verbal and written communication skills.

In August 1991, Holmes' physician advised Texas A&M that Holmes could return to work, but that he might experience slowed reading skills and difficulty with his speech under stress. Texas A&M hired Holmes to teach a three-hour lecture course in Fluid Mechanics and Heat Transfer for the fall 1991 semester. Holmes received only 60% of his previous salary.

At the conclusion of the semester, Holmes was informed by letter from Dr. Walter Bradley, head of the Mechanical Engineering Department, that students had complained of his inability to provide effective classroom instruction and that, as a result, Holmes would be teaching laboratory sections. Holmes apparently experienced similar problems teaching labs. Bradley verbally informed Holmes in May 1992 that he was considering recommending Holmes' dismissal for lack of professional competence. Bradley subsequently sent Holmes a letter to this effect. On August 10, 1992, Holmes received a letter from Bradley informing him that he was being terminated from Texas A&M for professional incompetence effective May 31, 1993.

Holmes appealed the decision to terminate him and revoke his tenure to the Texas A&M Tenure Mediation Committee. The Committee and Holmes failed to reach resolution. Holmes then appealed his termination to Texas A&M's Board of Regents, which on May 27, 1994, affirmed

2

Holmes' termination effective May 31, 1994.

Holmes filed suit against Texas A&M on April 15, 1996. He alleged that the University terminated him because of a disability, in violation of the ADA. Texas A&M sought to dismiss the suit under Fed. R. Civ. P. 12 (b)(6) on the basis of limitations. Texas A&M filed a motion to dismiss or in the alternative, for summary judgment on May 16, 1996, as well as a supplemental motion to dismiss on May 20, 1996. It attached an exhibit to its motion which illustrates that on April 26, 1993, Holmes filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violation of the ADA, 42 U.S.C. §§ 12131-32. On September 14, 1993, the EEOC dismissed the charge for lack of jurisdiction, indicating that the actions about which Holmes complained had taken place prior to the effective date of the ADA. Such notice of dismissal was contained in a notice of right to sue. Texas A&M's motion was granted and Holmes' suit was dismissed with prejudice as time-barred.

On appeal, Holmes argues that 1) his cause of action did not accrue until May 31, 1994, and therefore, his complaint was timely filed under the Texas two-year statute of limitations; 2) the statute of limitations applied by the district court should have been tolled due to Holmes' efforts to pursue administrative remedies; and 3) the district court should have applied the four-year statute of limitations rather than the two year statute. We consider each of these arguments in turn below.

## DISCUSSION

The dismissal of a complaint under Rule 12(b)(6) is reviewed de novo. Spiller v. City of Texas City, Police Dept., 130 F.3d 162, 164 (5th Cir. 1997). "This Court will affirm an order granting a 12(b)(6) motion to dismiss 'only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.' " McCann v. Texas City Refining, Inc.,

3

984 F.2d 667, 673 (5th Cir. 1993) (quoting Barrientos v. Reliance Standard Life Ins. Co., 911 F.2d 1115, 1116 (5th Cir. 1990), cert. denied, 498 U.S. 1072, 111 S.Ct. 795, 112 L.Ed.2d 857 (1991)).

In dismissing Holmes' claim under Title II of the ADA, the district court applied the two-year state law limitations period for personal injury actions. Tex. Civ. Prac. & Rem. Code §16.003(a). Holmes argues that this was error. Federal law does not provide a limitations period for claims under Title II of the ADA. See, e.g., Doe v. County of Milwaukee, 871 F. Supp. 1072, 1076 (E.D. Wis. 1995). The enforcement provision of Title II, under which Holmes sued, adopts the remedies, procedures, and rights set forth in 29 U.S.C. § 794a (the Rehabilitation Act of 1973). 42 U.S.C. § 12133. The Rehabilitation Act's coverage is nearly identical to Title II of the ADA, except that it applies only to entities receiving federal funding. Doe, 871 F. Supp. at 1078. Neither Title II of the ADA nor the Rehabilitation Act specify a statute of limitations. The selection of a limitations period applicable to Rehabilitation Act cases is governed by 42 U.S.C. § 1988(a), which directs the court to 1) follow federal law if federal law provides a limitations period; 2) apply the common law, as modified by state constitution or statute, if no limitations period is provided by federal law; but 3) apply state law only if it is not inconsistent with the Constitution and laws of the United States. Hickey v. Irving Indep. Sch. Dist., 976 F.2d 980, 982 (5th Cir. 1992).

Texas' two-year statute of limitations for personal injury is the only state statute urged before the district court and mentioned in the briefs. Assuming a two-year limitations period, Holmes first argues that accrual of his ADA claim did not occur until sometime after the EEOC's September 20, 1993 ruling that he did not have a cause of action under the ADA. The only date he suggests as the date of accrual is the May 31, 1994 termination date of which he was notified in an August 10, 1992

4

letter, and which Texas A&M affirmed on May 27, 1994. Holmes claims that because he filed this action on April 15, 1996, less than two years from the May 31, 1994 accrual date, it is not time-barred.

Holmes concedes, however, that the limitations period on a cause of action under a federal statute begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. Helton v. Clements, 832 F.2d 332, 334-35 (5th Cir. 1987). See also Burfield v. Brown, Moore & Flint, 51 F.3d 583, 589 (5th Cir. 1995) (ADA cause of action arises when employee receives unequivocal notice of facts giving rise to his claim or when a reasonable person would know of the facts giving rise to a claim.) According to this rationale, time began to run on Holmes' claim on August 10, 1992, the date of the initial written notice of termination. The district court found this to be the case and ruled that Holmes' suit was untimely.

Holmes did not dispute the application of the two-year limitations period at the district court level. Instead, he argued that the limitations period should have been tolled until May 31, 1994—his effective termination date. Again on appeal, Holmes asserts that the Texas statute of limitations was equitably tolled during the pendency of Texas A&M's administrative procedures occurring between August 10, 1992, and May 27, 1994, during which time the EEOC issued its ruling. Holmes insists that a federal court applying a state statute of limitations should also give effect to that state's tolling provisions. Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992) (applying Texas tolling provisions in an action under 42 U.S.C. § 1983). "Texas courts have held that as a general rule, where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have

5

barred his right." Id.

Holmes contends that he is entitled to the equitable tolling of the statute of limitations for the pendency of two separate proceedings: his pursuit of internal university remedies and the exhaustion of his administrative remedies with the EEOC. We decline to consider the difficult issue of whether exhaustion of administrative remedies with the EEOC is required under Title II of the ADA, a matter moot to the resolution of this appeal.

Even if it was necessary for Holmes to exhaust his remedies with the EEOC before bringing federal suit, under no circumstances was Holmes required to exhaust his internal university remedies. In Delaware State College v. Ricks, 449 U.S. 250 (1980), the Supreme Court addressed this precise issue. In Ricks, a professor at a state college was denied tenure, a decision he alleged was based on discriminatory motives. He unsuccessfully appealed his tenure denial via the college's grievance procedures and then attempted to file an administrative complaint with the EEOC. Unfortunately, Ricks's EEOC complaint was filed more than 180 days after his tenure denial. On appeal, the EEOC, friendly to Ricks' position, argued to the Supreme Court that the EEOC statute of limitations should have been tolled for the period during which Ricks was pursuing the college's internal grievance remedies. The Court rejected this contention, noting that "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations period." Id. at 261. Although Ricks concerned the statute of limitations for filing a complaint with the EEOC, rather than the Texas limitations period at issue here, we still consider the Ricks opinion persuasive on this point. Texas permits the tolling of a statute of limitations only where a plaintiffs' legal remedies are precluded by the pendency of other legal proceedings. See Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992). There is no Texas authority to suggest that Holmes

could not have filed suit if he did not first exhaust his university remedies. Cf. Wagner v. Texas A & M Univ., 939 F. Supp. 1297, 1318 (S.D. Tex. 1996) (noting that the pursuit of Texas A & M grievance procedures does not toll the statute of limitations on a § 1983 claim); Vincent v. West Texas State Univ., 895 S.W.2d 469, 474 (Tex. App.--Amarillo 1995, no writ) (holding that pursuit of internal university remedies did not satisfy Texas statutory exhaustion requirement for labor claims). Thus, Holmes deserves no equitable tolling for the pendency of his university grievance procedures, a remedy which he need not have pursued.

Accordingly, regardless of whether administrative exhaustion with the EEOC is required under Title II of the ADA, Holmes' suit was time-barred. If EEOC exhaustion was so required, the statute of limitations began to run on September 20, 1993, the date that Holmes received notice that the EEOC had denied his claim. If EEOC exhaustion was not required, the statute commenced running on the date that Holmes' cause of action accrued, August 10, 1992. Either way, under Texas' two-year statute of limitations, Holmes' suit filed on April 15, 1996, was untimely.[1]

Finally, Holmes argues in the alternative that the general federal four-year limitations period in 28 U.S.C. § 1658 applies in this case, thus making his ADA suit timely. Because Holmes did not raise the applicability of § 1658 in the district court, we review the issue under the plain-error standard. See Highlands Ins. Co. v. National Union Fire Ins. Co., 27 F.3d 1027, 1031-32 (5th Cir. 1994), cert. denied, 513 U.S. 1112 (1995) (applying, in a civil case, the plain-error analysis of United States v. Olano, 507 U.S. 725 (1993)).

The Supreme Court recently reiterated the parameters of the Olano plain-error test. The

---

[1]Moreover, we would note that in denying Holmes' claim, the EEOC informed Holmes that he had 90 days to file suit in federal court. Holmes ignored this admonition.

7

Court held that "before an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.' " Johnson v. United States, 117 S.Ct. 1544, 1549 (1997) (quoting Olano, 507 U.S. at 732). "When these elements of plain error are present, a court may exercise its discretion to correct the error if it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " United States v. Greer, -- F.3d -- , 1998 WL 105195 at *5 (5th Cir. (Tex.) March 11, 1998) (quoting United States v. Calverley, 37 F.3d 160, 164 (5th Cir. 1994) (en banc), cert. denied, 115 S.Ct. 1266 (1995)).

Using these familiar plain-error requirements as a guide, we examine Holmes' assertion that § 1658 applies to his ADA claim. Section 1658 provides:

> Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.

If § 1658 is applicable—as Holmes argues—his ADA claim is timely since he filed within four years of the August 10, 1992, termination letter. Determining the effective date of the relevant portion of the ADA and the applicability of § 1658, however, complicates the analysis of Holmes' claim.

Section 1658 was enacted on December 1, 1990. In Burfield, this court stated that the ADA became effective for most employers and employees on July 26, 1992. However, it was referring to Title I of the ADA and not Title II. See id., 51 F.3d at 588. The Public Laws in which the legislation is contained are dated July 26, 1990, and parts of Title II became effective on that date, and other parts 18 and 24 months later. However, it appears that the relevant provisions of Title II, i.e., §§ 12131, 12132, and 12133, did not become effective until after December 1, 1990. Thus, § 1658 appears to provide an available limitations period to claims brought pursuant to such provisions. But

8

see Doukas v. Metropolitan Life Ins. Co., 882 F.Supp. 1197, 1200 n.4 (D. N.Ham. 1995) (involving Title III of the ADA in which the court stated, "The ADA was enacted prior to § 1658 and therefore remains subject to the analysis set forth in [42 U.S.C.] § 1988(a).").

Assuming § 1658 applies to ADA actions, the district court's failure to apply it to Holmes' action is error and the first prong of the plain-error test is met. The second prong, however, is more difficult. In Calverley, this circuit took note of the significance the Supreme Court places on the requirement that the error be obvious or plain. We suggested the meaning of plain as that which "contemplates an error which was 'clear under current law' at the time of trial." Calverley, 37 F.3d at 162-63. This court has not yet ruled upon § 1658's applicability in ADA cases, nor does it appear that any of our sister circuits has made such a decision. Thus, we cannot say that such error was "clear under current law." The district court's failure to apply § 1658 sua sponte therefore cannot be obvious error and therefore not plain error. See id. at 162-64.[2] Because we perceive no plain error, we thus do not reverse the district court on an issue not clearly presented to it for decision.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[2]While appellant satisfies the third prong of the plain-error test—the district court's failure to apply the statute *does* affect his substantial rights if § 1658 is applicable—his failure to meet the second prong forecloses his claim that the district court erred by not applying the statute of limitations set forth in § 1658.