IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20902
Conference Calendar

_____

NICHOLAS J. BABINEAUX,

                                        Plaintiff-Appellant,

versus

TOMMY B. THOMAS; DENISE COLLINS, Judge;
208TH DISTRICT COURT HARRIS COUNTY,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CV-1674
- - - - - - - - - -

August 26, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Nicholas J. Babineaux filed the instant lawsuit under 42 U.S.C. § 1983 alleging that Harris County Sheriff Tommy B. Thomas and Texas District Court Judge Denise Collins had violated his constitutional rights during criminal proceedings which resulted in his conviction for aggregate theft.  The district court granted Thomas's motion to dismiss the claim against him pursuant to Fed. R. Civ. P. 12(b)(6), and dismissed the remaining claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the dismissal under Rule 12(b)(6) <u>de</u> <u>novo</u>, and we will not affirm the dismissal unless no relief could be granted according to any set of facts that could be proven consistent with the allegations. See <u>Holmes v. Texas A&M Univ.</u>, 145 F.3d 681, 683 (5th Cir. 1998). Because Babineaux failed to allege facts that stated a claim against Thomas, both in his official and individual capacities, <u>see</u> <u>Monell v. Department of Social Servs. of City of New York</u>, 436 U.S. 658, 694 (1978); <u>Lozano v. Smith</u>, 718 F.2d 756, 768 (5th Cir. 1983), the district court properly granted Thomas's motion to dismiss.

The district court may dismiss an IFP complaint as frivolous under § 1915(e)(2)(B)(i) if it lacks an arguable basis in law or fact. <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997). We review such a dismissal for an abuse of discretion. <u>Id.</u> Examination of Babineaux's claims reveals that they lack an arguable basis in law or fact. See <u>Mays v. Sudderth</u>, 97 F.3d 107, 110-11 (5th Cir. 1996)(judges have absolute immunity for judicial acts performed in judicial proceedings even if the action taken was in error, done maliciously, or exceeded her authority, unless the act was taken in the clear absence of all jurisdiction); <u>Mills v. Criminal Dist. Court #3</u>, 837 F.2d 677, 679 (5th Cir. 1988)(court-appointed defense attorneys are not official state actors and are generally not subject to suit under § 1983).

Because Babineaux's appeal has no arguable merit, it is DISMISSED AS FRIVOLOUS.[1]  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

---

[1] Babineaux was no longer incarcerated when he filed the instant notice of appeal.  The dismissal of the instant appeal as frivolous is therefore not counted as a strike against him for purposes of 28 U.S.C. § 1915(g).  The district court's dismissal of the instant action, however, is a strike.  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).