**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-20748
Summary Calendar

TIM DAWSON,

Plaintiff - Appellant,

VERSUS

CITY OF HOUSTON, TEXAS, HOUSTON FIRE DEPARTMENT; SAMUEL RUFFINO,
Individually, and In His Official Capacity as Captain of the
Houston Fire Department; A B WHITEHORN, Individually, and In His
Official Capacity as Deputy Chief of the Houston Fire Department;
DANIEL D SHARP, Individually, and In His Official Capacity as Fire
Fighter of the Houston Fire Department; STAN P NADOLSKI,
Individually, and In His Official Capacity as Investigator of the
Internal Affairs Division of the Houston Fire Department; CITY OF
HOUSTON,

Defendants - Appellees.

Appeals from the United States District Court
for the Southern District of Texas

(H-99-589)

DECEMBER 22, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Timothy Dawson filed suit in the Southern District

of Texas under 42 U.S.C. § 1983 for alleged procedural and

substantive due process violations and for state tort law claims of

intentional infliction of emotional distress and civil conspiracy.

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Dawson's injuries allegedly arose out of a four day suspension without pay from the Houston Fire Department due to insubordination. Dawson received notice of the suspension on June 22, 1996, and on July 8, 1996, he requested review by an independent hearing examiner. On June 27, 1997, the independent hearing examiner reduced the suspension to three days. Dawson filed suit on February 25, 1999. The district court granted summary judgment for the Appellees finding 1) the claims barred by the applicable two-year statute of limitations; 2) a lack of subject matter jurisdiction by operation of the Texas Local Government Code; and 3) that the Appellees are but one entity and are thus incapable of conspiring against Dawson. The district court also denied Dawson's motion for a new trial. Dawson appealed.

Having carefully reviewed the record and fully considered the arguments of the parties, we conclude that the district court correctly determined that the suit was barred by the statute of limitations both because the period commenced upon Dawson's notification of the suspension on June 22, 1996, See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988), and because the limitations period was not tolled during the pendency of the review by the independent hearing examiner. See Holmes v. Texas A & M University, 145 F.3d 681, 684-85 (5th Cir. 1998). We also conclude, therefore, that the district court properly denied Dawson's motion for a new trial.

Accordingly, we AFFIRM without reaching the district court's

2

alternative bases for the summary judgment.