IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20862
Conference Calendar

_____

JOHN D. DAVENPORT,

                                        Plaintiff-Appellant,

versus

MAURICE NETHERY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-386
--------------------
April 12, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:*

    John D. Davenport, Texas prisoner # 635633, appeals the
district court's dismissal of his 42 U.S.C. § 1983 lawsuit for
failure to pay the required filing fee by the date set by the
magistrate judge or, alternatively, as time-barred.  The record
indicates that Davenport paid the required filing fee by the July
15, 1999, deadline.  Nevertheless, the district court's dismissal
may be affirmed on the alternative ground that the lawsuit, filed

in February 1999, is barred by the applicable two-year statute of

_____

    *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

limitations.  See Sojourner T. v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992); see also Gonzales v. Wyatt, 157 F.3d 1016, 1019 (5th Cir. 1998); Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 1986).

Davenport concedes that his cause of action accrued by no later than August 7, 1995, but argues that the limitations period was equitably tolled during the pendency of his state-court lawsuit, which he asserts prevented him from filing his § 1983 lawsuit earlier.  He contends that the state-court suit was not dismissed until December 1997, rendering his § 1983 lawsuit timely.  Although Texas' equitable tolling principles apply to § 1983 lawsuits, Texas permits the tolling of a statute of limitations only where a plaintiff's legal remedies are precluded by the pendency of other legal proceedings.  See Holmes v. Texas A&M Univ., 145 F.3d 681, 684-85 (5th 1998).  The pendency of Davenport's state-court lawsuit does not merit equitable tolling since it was a remedy which he need not have pursued.  Cf. id. at 685.

Davenport's appeal is without arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, it is DISMISSED.  5TH CIR. R. 42.2

APPEAL DISMISSED.