**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-60791
Summary Calendar
_____

JANITA WEST,

Plaintiff-Appellant,

versus

MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(No. 3:00-CV-437-WS)
_____

May 22, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Janita West appeals from an adverse summary judgment dismissing her Title VII claim as time-barred. For the following reasons, we affirm.

I.  FACTS AND PROCEEDINGS

West is employed by defendant-appellee Mississippi Department of Public Safety (the "Department") as a state trooper. She claims

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that from 1987 until April 1998, she was sexually harassed and discriminated against by her supervisor. Importantly, in her deposition testimony and in discovery responses, West admitted that no incidents of alleged harassment occurred after April 1998, when she initiated an internal grievance procedure. When the internal grievance procedure did not yield the relief she sought, West filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in late February or early March of 2000. Thereafter, West filed this suit, asserting claims for gender discrimination and retaliation in violation of Title VII and for intentional infliction of emotional distress in violation of Mississippi law. On the Department's motion for summary judgment, the district court dismissed West's complaint with prejudice. West timely appealed.[1]

## II. DISCUSSION

We review the district court's grant of summary judgment de novo, applying the same standard as the district court. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). Summary judgment is proper if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict

---

[1] On appeal, West does not challenge the district court's summary dismissal of her claim for intentional infliction of emotional distress; she only contests the dismissal of her Title VII claim.

2

for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In this case, we find that the district court properly dismissed West's Title VII claim as untimely. A Title VII claimant must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful event. 42 U.S.C. § 2000e-5(e)(1). Timely filing of a charge with the EEOC is a prerequisite to maintaining a Title VII action. United Air Lines, Inc. v. Evans, 431 U.S. 553, 555 n.4 (1977). Although she admitted that she was not subjected to any alleged unlawful conduct after April 1998, West waited almost two years before filing her charge with the EEOC. Accordingly, West's Title VII claim is barred as she failed to file her EEOC charge within Title VII's 180-day window.

West argued to the district court that the limitations period should be equitably tolled because state law required her to exhaust internal grievance procedures before filing a complaint with the EEOC. The district court properly rejected this contention, as "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations period." Delaware State College v. Ricks, 449 U.S. 250, 261 (1980); see also Holmes v. Texas A&M Univ., 145 F.3d 681, 684-85 (5th Cir. 1998).

West attempts to avoid the district court's correct disposition of her Title VII claim by presenting two new arguments that she admits were not presented to the district court. We

3

decline to consider these arguments as they were raised for the first time on appeal.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1071 n.1 (5th Cir. 1994) (en banc) ("[T]he plaintiffs may not advance on appeal new theories or raise new issues not properly before the district court to obtain reversal of the summary judgment.").

## III.  CONCLUSION

The district court properly granted summary judgment on the record before it.  The judgment of the district court is therefore AFFIRMED.