**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 19, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10058
Summary Calendar

_____

CHARLES ARCHIBALD MCMILLAN,
doing business as Mack's Hack,

                                        Plaintiff-Appellant,

versus

YELLOW CAB, of Wichita Falls and Houston Texas Inc.;
JAY W. ELSTON; CITY OF WICHITA FALLS TEXAS;
TEXAS WICHITA COUNTY; WICHITA COUNTY DISTRICT ATTORNEY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CV-41-KA
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Charles Archibald McMillan, doing business as Mack's Hack,
appeals the dismissal of his 42 U.S.C. § 1983 complaint for
failure to state a claim.  McMillan argues that his claims were
not barred by the statute of limitations and that the district
court erred in dismissing his complaint.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

McMillan does not challenge the magistrate judge's findings that his pleadings were all nonsensical and that they failed to state a cognizable cause of action. Although pro se briefs are afforded liberal construction, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Because McMillan does not address the magistrate judge's dismissal of his complaint for failure to state a claim, he has abandoned this issue on appeal.

Even assuming, arguendo, that McMillan stated a cognizable 42 U.S.C. § 1983 claim against the defendants, his claim is prescribed. The actions underlying McMillan's complaint began in the early 1980s and continued until sometime in 1986. Thus, McMillan had two years, until 1988, to file a timely 42 U.S.C. § 1983 complaint against the defendants for alleged violations of his civil rights. See Owens v. Okure, 488 U.S. 235, 250 (1989); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2003). McMillan has not demonstrated that he is entitled to equitable tolling of the limitations period. See Holmes v. Texas A&M Univ., 145 F.3d 681, 684-85 (5th 1998); TEX. CIV. PRAC. & REM. CODE ANN. § 16.001 (West 2003). Therefore, McMillan's complaint, which was filed in February 2002, is barred by the statute of limitations. Because McMillan can "prove no set of facts in support of his claim which would entitle him to relief," the district court did not err in dismissing his complaint for failure to state a claim. See

<u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284-85 (5th Cir. 1993). Accordingly, the judgment of the district court is affirmed.

In connection with his appeal, McMillian has filed a motion for authorization to file an out-of-time reply brief. In light of the disposition of his appeal, McMillan's motion is denied.

AFFIRMED; MOTION DENIED.