**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 15, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

---

**No. 04-20225**
**Summary Calendar**

---

**SANTOS MONTOYA,**

**Plaintiff-Appellant,**

**versus**

**MR. JONES; D.A. TURRUBIARTE, Major; FRANCIS CHERIAN, Medical**
**Director; BRADIE BACHMANN, Physician Assistant; MR. ROESLER,**

**Defendants-Appellees.**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(4:03-CV-4445)**

---

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Santos Montoya, Texas state prisoner # 544493, appeals, *pro se*, the dismissal, pursuant to 28 U.S.C. § 1915A(b)(1), of his 42 U.S.C. § 1983 action and denial of his FED. R. CIV. P. 59(e) motion.

Montoya contends: because the district court denied leave to proceed *in forma pauperis*, it erred in invoking 28 U.S.C. § 1915A in dismissing his civil rights action. Montoya's claim is unavailing because § 1915A "applies regardless of whether the plaintiff has paid a filing fee or is proceeding *in forma*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*pauperis"*.  ***Ruiz v. United States***, 160 F.3d 273, 274-75 (5th Cir. 1998).

Montoya claims the district court erred in denying his FED. R. CIV. P. 59(e) motion, which maintained the pendency of his state and federal habeas applications equitably tolled the two-year limitations period, rendering his civil rights complaint timely filed.  Montoya has not demonstrated he was prevented from pursuing his § 1983 civil rights claims by the pendency of his state or federal habeas proceedings.  *See* ***Holmes v. Texas A&M Univ.***, 145 F.3d 681, 684-85 (5th Cir. 1998); ***Gartrell v. Gaylor***, 981 F.2d 254, 257 (5th Cir. 1993).  The denial was not an abuse of discretion. *See* ***Midland West Corp. v. FDIC***, 911 F.2d 1141, 1145 (5th Cir. 1990).

Montoya cannot attack his disciplinary proceedings resulting in the loss of good time credits in a § 1983 action until his "convictions" in those proceedings have been expunged, reversed, or otherwise set aside.  ***Edwards v. Balisok***, 520 U.S. 641, 648 (1997); ***Clarke v. Stalder***, 154 F.3d 186, 189 (5th Cir. 1998)(en banc), *cert. denied*, 525 U.S. 1151 (1999).  Because Montoya's claims call into question the validity of those convictions, he must satisfy the conditions of ***Heck v. Humphrey***, 512 U.S. 477, 484-87 (1994), before he can proceed in a civil rights action for damages.

Accordingly, the dismissal is **AFFIRMED**, but the judgment is **MODIFIED** to state that his claims challenging his disciplinary

convictions are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

*AFFIRMED AS MODIFIED*