United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10555
Conference Calendar

_____

ERIC GANT,

Plaintiff-Appellant,

versus

JOSEPH M. GAROFANO,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-275-A
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Eric Gant appeals the district court's 28 U.S.C. § 1915(e)(2) dismissal of his 42 U.S.C. § 1983 lawsuit as time-barred. Gant does not specifically assert that his suit was in fact timely but argues instead that the limitations period should have been equitably tolled by the pendency of his prior, unsuccessful state lawsuit. He also argues that the limitations period should have been equitably tolled by the pendency of his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior federal lawsuit, which asserted the same claims as the instant suit and which was dismissed for lack of proper venue.

Because the Texas statute of limitations is borrowed in 42 U.S.C. § 1983 cases, this court also looks to Texas' equitable tolling principles. See Rotella v. Pederson, 144 F.3d 892, 894 (5th 1998). Texas permits the tolling of a statute of limitations when a plaintiff's legal remedies are precluded by the pendency of other legal proceedings. See Holmes v. Texas A&M Univ., 145 F.3d 681, 684-85 (5th Cir. 1998). However, the pendency of Gant's state lawsuit does not merit equitable tolling since it sought a remedy that he need not have pursued. Cf. id. at 685.

The prior federal lawsuit similarly does not save the instant suit. Although Gant argues that the earlier suit should have been transferred rather than dismissed, enabling him to avoid the limitations problem, his remedy was to oppose the dismissal by moving for a transfer to the court of proper venue and/or by appealing the dismissal order, neither of which has he shown he did. To the contrary, Gant's own submissions show that he did not seek a transfer and that the district court determined that dismissal was appropriate because the claims Gant sought to raise were previously adjudicated on the merits against him in state court.

Gant has not demonstrated any justification under Texas law for equitable tolling.  The district court's judgment is AFFIRMED.