United States Court of Appeals
Fifth Circuit

**F I L E D**

September 20, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51445
Summary Calendar
_____

JESUS SOLIZ, also known as Jesse Soliz,

Plaintiff-Appellant,

versus

TROY C. BENNETT, JR., In his individual and official capacity;
JOHN JASUTA, In his individual and official capacity;
PATRICK S. FLANIGAN, District Attorney, San Patricio County;
PATRICIA NORTON, Clerk of San Patricio County; ALONZO T.
RODRIGUEZ, Honorable, 36th District Court, San Patricio
County; LEROY MOODY, Sheriff of San Patricio County; TERRY
SIMPSON, Sheriff Deputy, San Patricio County Sheriff's
Department; BILL STRAIT; JEAN WEASLEY STRAIT; DAVID DIAZ;
JOSEPH E. GARCIA, III; RANDALL E. PRETZER,

Defendants-Appellees.

* * * * *
Consolidated with
No. 04-41135
* * * * *

JESUS (JESSE) SOLIZ,

Plaintiff-Appellant,

versus

PATRICK FLANIGAN; PATRICIA NORTON; SHARON ANDERSON; LUCINDA
RODRIGUEZ; 36TH JUDICIAL DISTRICT COURT, SAN PATRICIO COUNTY,
TEXAS,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Western District of Texas
(A-02-CV-472-SS)
--------------------
Before JONES, WIENER, and DeMOSS, Circuit Judges

PER CURIAM:[*]

Plaintiff-Appellant Jesus Soliz, Texas prisoner number 496252, challenges the dismissal of his two actions asserting constitutional claims under 42 U.S.C. § 1983. We have consolidated his appeals. See FED. R. APP. P. 3(b). For the reasons given below, we affirm.

Appeal No. 03-51445

The district court dismissed Soliz's claims against defendants Troy C. Bennett and John Jasuta in their official capacities, finding that they were entitled to Eleventh Amendment immunity. The district court also found that Bennett and Jasuta were entitled to qualified immunity as to all claims against them in their individual capacities. Although Soliz has challenged the district court's dismissal on particular grounds, he has not briefed the issues of Eleventh Amendment or qualified immunity.

Pro se briefs are afforded liberal construction, Haines v. Kerner, 404 U.S. 519, 521 (1972), but to preserve arguments on appeal, even pro se litigants must brief them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Arguments not adequately addressed in the body of the brief are deemed abandoned on appeal. Id. at 225. Although the district court found some of the claims against the defendants time-barred, the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

unchallenged dismissal of Soliz's claims against Bennett and Jasuta on grounds of Eleventh Amendment and qualified immunity is sufficient to dispose of all of Soliz's claims against them. See American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l, 343 F.3d 401, 411 n.6 (5th Cir. 2003).

Soliz's assertion that the district court erred in allowing the defendants to file a motion to dismiss or for summary judgment out of time also fails. Federal Rule of Civil Procedure 6(b) gives a district court broad discretion to expand filing deadlines. Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 367 (5th Cir. 1995). Rule 6(b) gives discretion to a district court to allow such an enlargement at any time a motion is made after the expiration of a specified time period if the failure to act resulted from excusable neglect. FED. R. CIV. P. 6(b). Here, the district court exercised its discretion by granting the defendants leave to file a dispositive motion out of time based on their assertions that (1) the case had been neglected by a previous attorney who had been fired and (2) their motion raised important jurisdictional issues. We cannot say that the district court's decision to grant the defendants leave to file a dispositive motion out of time under these circumstances constituted an abuse of discretion. See Cozzo v. Tangipahoa Parish Council--President Government, 279 F.3d 273, 280 (5th Cir. 2002).

Soliz next contends that the district court erred in failing to consider his response and amended response to the defendants'

3

motion to dismiss or for summary judgment. Soliz failed to file a response to this motion by the court's deadline. As previously indicated, FED. R. CIV. P. 6 (b) allows a district court broad discretion to expand filing deadlines. Hetzel, 50 F.3d at 367. Here, after reviewing Soliz's untimely pleadings, the district court indicated that the pleadings would not have caused it to alter its judgment. As the district court considered Soliz's untimely pleadings and exercised its discretion in not expanding the time for filing, Soliz's argument lacks merit. He has failed to meet his burden of proving the existence of a genuine issue of material fact. Accordingly, the judgment of the district court in appeal No. 03-51445 is

AFFIRMED.

Appeal No. 04-41135

The district court dismissed Soliz's § 1983 action against defendants Patrick Flanigan and Patricia Norton pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief could be granted. The court reasoned that Soliz's claims were barred by the applicable Texas, two-year statute of limitations: Soliz had become aware of the claims on May 23, 2000, but did not file his § 1983 complaint until July 18, 2003.

The district court's assessment of the timeliness of Soliz's complaint against these defendants is correct. In the context of § 1983, a federal court "borrows" a statute of limitations from the

4

forum state's general personal-injury limitations provision. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); Owens v. Okure, 488 U.S. 235, 249-50 (1989).  In Texas, that period is two years.  Hitt v. Connell, 301 F.3d 240, 246 (5th Cir. 2002).  Soliz acknowledges that he learned that the Texas Court of Criminal Appeals had denied his state habeas application on May 23, 2000. As Soliz became aware that his habeas application had been denied on that date, and the denial was the injury that he alleged, his causes of action accrued at that time.  See Harris v. Hegmann, 198 F.3d 153, 157 (5th Cir. 1999).  Thus, Soliz had until May 23, 2002, to file his § 1983 action, yet did not do so until July 18, 2003. The district court correctly ruled that Soliz's complaint was time-barred unless the statute of limitations is equitably tolled.

As the Texas statute of limitations is borrowed in § 1983 cases, we also look to Texas's equitable tolling principles. Rotella v. Pederson, 144 F.3d 892, 894 (5th Cir. 1998).  Texas permits the tolling of a statute of limitations when a plaintiff's legal remedies are precluded by the pendency of other legal proceedings.  Holmes v. Texas A&M Univ., 145 F.3d 681, 684-85 (5th Cir. 1998).  As Soliz has asserted no viable grounds on which the statute of limitations could be tolled, the district court did correctly dismiss his suit against defendants Flanigan and Norton as time-barred.  See id.

Soliz also contends that the district court erred by denying him leave to amend his § 1983 complaint to add more defendants.

5

Under Rule 15(a) of the Federal Rules of Civil Procedure, only with leave of court or by written consent of the adverse party may a party amend his pleadings after a responsive pleading has been served. Rule 15(a) also instructs the court to grant leave to amend freely. FED. R. CIV. P. 15(a). We review a district court's denial of leave to amend a pleading for abuse of discretion. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). "A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile." Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co., 195 F.3d 765, 771 (5th Cir. 1999).

Soliz's claims against the putative defendants, like his claims against the initial defendants, are based on the assertion that, by failing to provide him with notice of the state habeas corpus proceedings, the putative defendants deprived him of his constitutional rights. Also as with the claims in his initial complaint, Soliz became aware of the basis for his § 1983 action more than two years before he filed his suit. As the amendments he sought to file were futile, the district court did not abuse its discretion by denying the motion to amend. See id. at 771.

Soliz also appealed the district court's denial of his request for the appointment of counsel. In his brief, Soliz merely notes that the district court denied his request for the appointment of counsel. As Soliz has failed to brief this issue, it is deemed abandoned. See Yohey, 985 F.2d at 224-25.

6

Accordingly, the judgment of the district court in appeal No. 04-41135 is

AFFIRMED.