United States Court of Appeals
Fifth Circuit

**F I L E D**

April 27, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40279
Summary Calendar

VERLIE LEE HENDERSON,

Plaintiff-Appellant,

versus

A.G. ENNS; ALEXANDER KALMANOV; MELVIN WRIGHT; Doctor KENNETH
LOVE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-322
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Verlie Lee Henderson, Texas prisoner # 199786, filed a
notice of appeal following the district court's dismissal of his
42 U.S.C. § 1983 complaint as frivolous and the denial of various
motions. Henderson's notice of appeal is timely only from the
denial of his last two motions "to enter relevant evidence,"
which are essentially FED. R. CIV. P. 60 motions because they
were filed more than 10 days after the entry of judgment. See
Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667
(5th Cir. 1986) (en banc). This court reviews the denial of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rule 60 motion for an abuse of discretion.  See Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

Henderson's complaint raised claims concerning the medical care provided by the defendants for leg problems.  He alleged that the defendants' failure to provide effective and adequate treatment led to the amputation of his leg on April 7, 2000.  The district court dismissed the complaint, which was filed in June 2004, as barred by the applicable two-year statute of limitations, and as barred by res judicata based on a dismissal on the merits of an action filed by Henderson in state court.

Henderson argues that he is entitled to tolling because he is of unsound mind.  He notes that he has a learning disability, as shown by special education records submitted in connection with his Rule 60 motion.  He also contends that he is entitled to equitable tolling.

The Texas two-year statute of limitations is borrowed in § 1983 cases, and this court also looks to Texas' equitable-tolling principles.  See Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998); TEX. CIV. PRAC. & REM. CODE § 16.003(a).  In Texas, when a person is of unsound mind at the time his cause of action accrues, the applicable statute of limitations will be tolled until the disability is removed.  TEX. CIV. PRAC. & REM. CODE § 16.001(b); Helton v. Clements, 832 F.2d 332, 336 (5th Cir. 1987).

Henderson has not shown that he was unable "to manage [his] affairs or to understand his legal rights or liabilities," and thus has not shown that he was of unsound mind.  See Helton, 832 F.2d at 336 (quotation and citation omitted).  Henderson's contention that his learning disability rendered him unable to pursue his legal rights with respect to his claim regarding his leg problems is frivolous in light of Henderson's prosecution of at least three actions from 1996 to 2001, as shown by his complaint.  Henderson also has shown no basis for equitable tolling.  See Holmes v. Texas A&M Univ., 145 F.3d 681, 684-85 (5th 1998); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991).

Henderson's appeal is dismissed as frivolous.  See 5TH CIR. R. 42.2.  The dismissal of his complaint and appeal in this matter each count as a "strike" under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Henderson has accumulated at least one other "strike."  See Henderson v. Medical Department, No. 97-10052 (5th Cir. June 16, 1998) (unpublished).  Thus, Henderson is BARRED from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) SANCTIONS IMPOSED.