United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40075
Conference Calendar

_____

CHARLES MOORE,

                                        Plaintiff-Appellant,

versus

JAMES R. ZELLER, Senior Warden; LLOYD MASSEY, Assistant Over
Death Row; TIMOTHY HINDSMAN, Security Lieutenant; MICHAEL HINOTE,
Security Sargent; SOPHIA MILLER, CO IV; BEVERLY BROWN, CO IV;
GAIL SHELTON, CO IV; BRENDA FARR, Vocational Nurse; JOHNNY
THOMPSON, Security Sargent,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:05-CV-150
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

    Charles Moore, Texas state prisoner # 401009, appeals the

district court's 28 U.S.C. § 1915A dismissal of his 42 U.S.C.

§ 1983 lawsuit as time-barred.  Moore argues that his action

should not have been dismissed summarily because his § 1983

claims have merit and that the limitations period should have

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

been equitably tolled by the pendency of his prior unsuccessful state lawsuits.

Because the Texas statute of limitations is borrowed in § 1983 cases, this court also looks to Texas's equitable tolling principles. See Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998). Texas permits the tolling of a statute of limitations when a plaintiff's legal remedies are precluded by the pendency of other legal proceedings. See Holmes v. Texas A&M Univ., 145 F.3d 681, 684-85 (5th Cir. 1998). However, the pendency of Moore's state lawsuits do not entitle him to equitable tolling because they sought a remedy that he need not have pursued. Cf. id. at 685.

Because Moore has not demonstrated any justification for equitable tolling or for any other relief, the district court's judgment is affirmed.

The district court's dismissal of Moore's complaint as frivolous counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Moore is cautioned that if he accumulates three strikes, he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.