# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 25, 2010

No. 09-20442
Summary Calendar

Charles R. Fulbruge III
Clerk

CHARLES ANTHONY ALLEN, SR.,

Plaintiff-Appellant,

v.

NATHANIEL QUARTERMAN; ALFRED JANICEK, Individually and In His
Official Capacity; GENE WAKEFIELD, Individually and In His Official
Capacity; DONNA COBEEN, Individually and In Her Official Capacity;
STEPHEN ALLEE, Individually and In His Official Capacity; BEVERLY
SMITH, Individually and In Her Official Capacity; HAROLD CORDER,
Individually and In His Official Capacity; FSN LEMON, Individually and In
His/Her Official Capacity; WYATT, Correction Officer, Individually and In
His/Her Official Capacity; JANE DOE, Nurse, Individually and In Her Official
Capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3536

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Charles Anthony Allen, Sr., Texas prisoner # 1043550, filed a 42 U.S.C.

§ 1983 complaint against several prison officials asserting Eighth Amendment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and due process claims arising out of an incident and the resulting disciplinary proceedings. The district court dismissed Allen's complaint as frivolous because it was filed more than two years after the applicable limitations period had expired, and Allen was not entitled to equitable tolling. Allen now appeals.

We agree with the district court that Allen's complaint was filed after the expiration of the two-year limitations period and that his two prior federal lawsuits, dismissed for want of prosecution and improper joinder, did not operate to toll the limitations period. *See*, *e.g.*, *Holmes v. Tex. A & M Univ.*, 145 F.3d 681, 684-85 (5th Cir. 1998). As Allen's appeal is without merit, we dismiss it as frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). Allen is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.