# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 14, 2010

No. 09-40998
Summary Calendar

Lyle W. Cayce
Clerk

JOHNNY LYNN EDWARDS,

Plaintiff-Appellant,

versus

ELIZABETH MILLER; ANGIE CARGILLE; WESLEY PRATT,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
No. 6:09-CV-234

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

Johnny Edwards, Texas prisoner # 566917, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim on which re-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lief may be granted because the claim was barred by the statute of limitations. Edwards alleged that prison officials acted improperly in confiscating two items of mail on February 9, 2007.  That is this date on which he became aware of the facts that would give rise to the complaint.  *See Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir. 2001); *see also Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As was found by the district court, Edwards is entitled to 87 days of tolling from February 25, 2007, to May 23, 2007, during which his grievance proceedings were pending.  *See Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992); *Holmes v. Texas A&M Univ.*, 145 F.3d 681, 685 (5th Cir. 1998).  Because he did not file his complaint within two-years plus the 87-day tolled period of February 9, 2007, the complaint was untimely filed.  *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).  The district court did not abuse its discretion in concluding that the complaint was time-barred.  *See Moore*, 30 F.3d at 621.

The judgment is AFFIRMED.