# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10827
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2015

Lyle W. Cayce
Clerk

REGGIE RUFFIN,

Plaintiff–Appellant,

versus

DISTRICT ATTORNEY'S OFFICE, Dallas County;
CITY OF DALLAS; DALLAS POLICE DEPARTMENT;
CITY OF DALLAS MAYOR'S OFFICE; JAMES E. BUTT, City Attorney;
UNITED STATES ATTORNEY'S OFFICE,
NORTHERN DISTRICT OF TEXAS,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-46

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Reggie Ruffin, a non-prisoner proceeding *in forma pauperis* ("IFP"), appeals the dismissal, as frivolous and time-barred, of his *pro se* 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Ruffin sued in January

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10827

2014, alleging that the defendants violated his constitutional rights in connection with arrests in June 2009 and October 2010, and the resulting criminal proceedings, which were terminated in his favor in July 2010 and October 2011.

Ruffin claims that he alleged causes of action against the defendants, and he states, albeit in a conclusional fashion, that limitations should have been tolled during the pendency of a civil suit and because he continues to suffer damages from the defendants' past conduct.

The district court may dismiss an IFP claim as frivolous if it is barred by limitations, and we review such a dismissal for abuse of discretion. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019–20 (5th Cir. 1998). Even if the limitations periods did not begin to run until the proceedings were terminated in Ruffin's favor, *see Price v. City of San Antonio*, 431 F.3d 890, 894 (5th Cir. 2005), Ruffin still waited more than two years before filing his § 1983 complaint. Further, although Ruffin claims that he continues to suffer damages from defendants' past conduct, he points to no continuing wrongful conduct that would affect the accrual of his claims. His contention that he is entitled to tolling because of his pending state court suit is likewise without merit because he fails to show he was precluded from pursuing his federal suit. *See Holmes v. Texas A&M Univ.,* 145 F.3d 681, 684-85 (5th Cir. 1998).

Because the district court did not err in dismissing the complaint as time-barred, we do not address the merits of Ruffin's complaint. Further, because this appeal does not present "exceptional circumstances," *see Cooper v. Sheriff, Lubbock Cnty., Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991), Ruffin's motion for the appointment of counsel is DENIED.

The judgment is AFFIRMED.