# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41076
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2015

Lyle W. Cayce
Clerk

ROBERT C. MORRIS,

Plaintiff-Appellant

v.

SHERRI MILLIGAN; ELIZABETH CROSS; JOHN BECRAFT,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:14-CV-54

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

In January 2014, Plaintiff-Appellant Robert C. Morris, Texas prisoner #
1311083, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging
that in January 2010 the defendants had seized and destroyed legal documents
in order to harass him in retaliation for the filing of an earlier federal lawsuit.
The district court granted the defendants' motion to dismiss, filed pursuant to
Federal Rule of Civil Procedure 12(b)(6), after concluding that Morris's lawsuit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

was untimely.  Morris appeals, asserting that he was entitled to tolling while he sought appeals in his prior federal civil rights proceedings; in that action, he had sought to amend his complaint to add claims relating to the January 2010 incident, but the district court had dismissed the claims without prejudice because Morris had not exhausted his administrative remedies at the time he sought to amend.

We review a Rule 12(b)(6) dismissal de novo.  *Castro v. Collecto, Inc.*, 634 F.3d 779, 783 (5th Cir. 2011).  In reviewing such a dismissal, we accept as true all well-pleaded facts and view them in the light most favorable to the plaintiff. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Morris does not dispute that his instant complaint was filed more than two years after both the incident giving rise to his claims and his exhaustion of administrative remedies.  *See Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002); *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2010).  Instead, he maintains that he was entitled to tolling.  We give effect to the state's tolling provisions in determining whether a civil rights complaint is timely.  *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008).  Under Texas law, a plaintiff is entitled to tolling if he is precluded from seeking legal remedies as a result of other legal proceedings. *Holmes v. Texas A & M Univ.*, 145 F.3d 681, 684-85 (5th Cir. 1998).  Morris asserts that if he had filed a second lawsuit earlier, "judicial complications"

could have arisen if this court or the Supreme Court had determined in the appeals of the earlier lawsuit that he was entitled to proceed on his claim despite his failure to exhaust remedies. His argument is insufficient to establish that he was "precluded" from seeking relief through the filing of a new lawsuit, and he therefore has not established that he is entitled to tolling. *Holmes*, 145 F.3d at 684-85. Because his complaint was untimely, Morris has not presented "'a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

In addition, Morris complains that the district court should not have imposed a strike pursuant to 28 U.S.C. § 1915(g). He maintains that he had a good faith belief, based on his interpretation of state and federal law, that he was entitled to proceed and that he should not be sanctioned because his interpretation was incorrect. The district court properly imposed a strike because the district court dismissed the claim based on Morris's failure to state a claim on which relief could be granted. § 1915(g); *see Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).

The district court did not err in its dismissal of Morris's § 1983 complaint. *See Iqbal*, 556 U.S. at 678; *Castro*, 634 F.3d at 783. Consequently, the judgment of the district court is AFFIRMED. The dismissal of Morris's suit in the district court counts as a strike for purposes of § 1915(g). *See Adepegba*, 103 F.3d at 387. Morris is WARNED that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).