United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-40972
Summary Calendar

———————————

BILLY RELL MILES,

Plaintiff-Appellant,

versus

JAMES ZELLER; DOUG DRETKE,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CV-509

———————————

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Billy Rell Miles, Texas prisoner # 695744, appeals from the
dismissal of his 42 U.S.C. § 1983 complaint as time-barred and, in
the alternative, as frivolous and for failure to state a claim
pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  He makes the
following arguments: (1) the two-year limitations period for filing
his section 1983 complaint was equitably tolled during the period

———————————

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he sought relief in Texas state court; (2) the district court erred in dismissing the complaint as frivolous and for failure to state a claim; (3) he was denied an evidentiary hearing; and (4) the district court erroneously deemed the defendants immune from monetary relief.

There is no Texas or federal authority to suggest that Miles could not have filed a section 1983 suit if he did not first exhaust his state court remedies. Therefore, the pendency of his Texas state lawsuit does not merit equitable tolling since it sought a remedy that he need not have pursued. *Cf. Holmes v. Texas A&M Univ.*, 145 F.3d 681, 684-85 (5th Cir. 1998).

Miles argues that his complaint should not have been dismissed as frivolous because he had paid a portion of the filing fee. Under the Prison Litigation Reform Act, however, "*[n]otwithstanding any filing fee, or any portion thereof, that may have been paid*, the court *shall* dismiss the case at any time if the court determines that . . . the action . . . is frivolous." § 1915(e)(2)(B)(i), (ii) (emphasis added). Miles has therefore not shown the district court's section 1915(e)(2)(B)(i) dismissal to be an abuse of discretion. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

With regard to his failure to state a claim, Miles's complaint failed to allege facts that would show that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the

2

alleged unconstitutional actions of the defendants. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal quotations omitted). Therefore, the section 1915(e)(2)(B)(ii) dismissal was also appropriate. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

The record discloses that the magistrate judge did not deny Miles an evidentiary hearing; the magistrate judge ordered Miles pursuant to *Spears*[1] to submit a more definite statement; held, in accordance with *Spears*, a telephonic evidentiary hearing; and Miles amended his complaint. There was no abuse of discretion. *E.g., Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994). Finally, Miles's argument that the district court erroneously dismissed the suit pursuant to 42 U.S.C. § 1997e(c) on the basis of the defendants' immunity is also not supported by the record.

Miles's appeal lacks arguable merit and is therefore dismissed as frivolous. *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Miles is cautioned that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Miles is further cautioned that if he accumulates three strikes under section 1915(g), he will not be able to proceed

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* section 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.

4