Fred Douglas MILLS, Plaintiff-Appellant,

v.

CRIMINAL DISTRICT COURT # 3, Hon. Gary Stephens, and Lee Ann Breading, District Attorney, Defendants-Appellees.

No. 87-1795

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 2, 1988.

---

Fred D. Mills, pro se.

Before REAVLEY, KING and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Fred Douglas Mills, filing *pro se*, appeals the district court's dismissal of his section 1983 claim against the prosecutor, his court appointed defense attorney and state court judge where he was tried and convicted for aggravated robbery. Although we affirm the dismissal of the complaint, we remand to allow the district court to modify the judgment to provide that the dismissal is without prejudice as to Stephens, the defendant's court appointed attorney.

## I

In his complaint, Mills seeks declaratory and injunctive relief as well as compensatory and punitive damages under 42 U.S.C. § 1983 because he contends that his court-appointed attorney conspired with the prosecution and the judge to deny Mills his constitutional right to adequate legal representation and a fair trial.

The district court, adopting the findings and conclusions of the magistrate, dismissed the complaint for failure to state a claim upon which relief can be granted. Specifically, the magistrate found that Mills' allegations were conclusory, that the judge and prosecutor were immune from liability and that private defense counsel could not be sued under 42 U.S.C. § 1983.

## II

A section 1983 complaint must plead specific facts and allege a cognizable constitutional violation in order to avoid dismissal for failure to state a claim. *See Brinkmann v. Johnston*, 793 F.2d 111 (5th Cir. 1986). Although we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.

Mills alleges at least ten separate transgressions; some are of colorable constitutional dimensions, others plainly are not; taken together, however, they may possibly amount to an allegation of the denial of a fundamentally fair trial. First, Mills claims that the indictment upon which his conviction was based was amended after the jury was empanelled, in violation of the Texas Code of Criminal Procedure. Then, he asserts, the judge excused a juror improperly after the trial had begun, so that his conviction was based on the decision of less than twelve jury members in violation

of the Texas Rules of Criminal Procedure and his right to trial by jury. Next, Mills alleges ineffective assistance of counsel because his state-appointed attorney and the court denied him personal access (although his attorney had access) to records and documents that were significant in determining his conviction and sentence and because his counsel failed to move to quash his indictment and object to other alleged errors of the court. Mills further claims that the prosecution was allowed to comment to the jury about his failure to testify at trial and his silence when arrested, as well as to introduce evidence regarding certain statements Mills made directly after arrest in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Finally, he alleges the trial court erred during trial when the judge convicted him under the wrong name, refused to present witnesses Mills requested, refused to allow an in-court lineup, and indicted him on the basis of an unsigned complaint.

■ It is clear that the district court was correct in ruling that the judge and prosecutor are entitled to absolute immunity from monetary damages since all conduct alleged against them were official acts in their official capacity. *Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1114 (5th Cir.1987). Furthermore, these officials were properly dismissed with prejudice since it is clear that Mills can allege no facts to avoid their defense of immunity.[1] With respect to Stephens, his court appointed attorney, section 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983. *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir.1972), *cert. denied*, 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed.2d 691 (1973).

This court has repeatedly held, however, that private attorneys who have conspired with state officials may be held liable under section 1983 even though the state officials with whom they conspire are themselves immune from suit, *see Richardson v. Fleming*, 651 F.2d 366, 371 (5th Cir.1981); *Slavin v. Curry*, 574 F.2d 1256 (5th Cir.1978). In the case before us, however, we find no factual basis in Mills' complaint to support such a conspiracy. According to Mills' complaint, his court-appointed attorney conspired with the judge and prosecutor when the attorney agreed to proceed upon an altered indictment, when he gave Mills erroneous legal advice and when he refused to provide Mills with an opportunity to examine personally certain exculpatory evidence. Even in the manner that plaintiff has couched these allegations in the complaint, however, they clearly reflect independent judgments and actions of the private attorney in the course of representing the defendant during trial. Although the allegations may support an ineffective assistance of counsel claim, they do not support a claim of conspiracy with the prosecution and judge to deny due process or equal protection as Mills claims. In short, the conspiracy element of this complaint is only a conclusory allegation.

■ We hold therefore that the district court properly dismissed the complaint against the defendant Stephens for failure to state a claim. Where, however, *pro se* pleadings cannot pass the test for a cognizable claim, the proper course for the district court is to dismiss the complaint without prejudice so that if there are facts that may be alleged to support the conclusory allegations, the *pro se* plaintiff with potentially valid claims will have an opportunity to amend his pleadings and have his day in court. *See Good v. Allain*, 823 F.2d 64, 67 (5th Cir.1987).[2] Thus, with respect to the

---

1. Mills also seeks injunctive and declaratory relief against these officials. Although absolute immunity only bars the monetary claims, we hold that the complaint was properly dismissed as to these claims as well. The injunctive relief sought is moot since the trial has ended and there is no prospect that Mills will be tried in

that court again. The declaratory relief sought is moot because this relief is available through habeas corpus. *See infra.*

2. We caution Mr. Mills, as we have in his other appeals decided today, that unless he can, in good faith, allege additional facts to give some

defendant Stephens, we will remand to allow the judge to modify his judgment to provide for a dismissal without prejudice, with the further proviso hereinafter noted.

### III

■ Finally we note that this court has consistently held that if the facts alleged in the prisoner's section 1983 complaint would, if proved, undermine the validity of his conviction, then the petitioner should present his claims as a petition for writ of habeas corpus, and must exhaust state habeas remedies before bringing his § 1983 claims into federal court. *Richardson v. Fleming,* 651 F.2d at 372. In *Serio v. Members of Louisiana State Board of Pardons,* 821 F.2d 1112 (5th Cir.1987), we developed a set of bright-line rules to determine whether to proceed under section 1983 or require exhaustion where disposition of the claim requires both monetary and habeas relief. Specifically, the court stated that "if a prisoner challenges a single hearing as constitutionally defective, he must first exhaust state habeas remedies." *Id.,* 821 F.2d at 1118. Although Mills asks for monetary damages, he also asks for a declaratory judgment that his constitutional rights were violated by his trial. All of his allegations challenge the validity of his conviction and so are properly considered in a habeas corpus proceeding, *see, e.g., Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (ineffective assistance of counsel); *Pulley v. Harris,* 465 U.S. 37, 104 S.Ct. 871, 79 L.Ed. 2d 29 (1984) (violation of state law); *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (fifth amendment rights on arrest); *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (defendant's right to exculpatory evidence); *Liner v. Phelps,* 731 F.2d 1201 (5th Cir.1984) (defective indictment).

Therefore, if Mills should decide to amend and refile his § 1983 claims, or should he decide to seek habeas relief, or both, he should *first* present his claims to state courts and exhaust his remedies there before coming back into federal court.

### IV

In conclusion, we affirm the district court's dismissal of the complaint with prejudice as to the judge and prosecutor. Because, however, Mills may be entitled to amend his section 1983 complaint after he has pursued his habeas claims through state courts, we remand the case to allow the court to modify its judgment to provide for dismissal without prejudice. We further note, however, such dismissal may involve adverse statute of limitation consequences if Mills later decides to refile his § 1983 claims. In its modified judgment of dismissal, therefore, the district court should provide that the statute of limitations is suspended on the subject claims until the date the state courts finally rule thereon, provided Mills seeks habeas relief on these claims in state court within ninety days.[3]

For the reasons stated above, this case is

AFFIRMED IN PART AND REMANDED.

---

substance to his claims of conspiracy on the part of his private attorney, further pleadings that just repeat in essence the allegations already made in previously dismissed pleadings may subject him to sanctions under Rule 11, Fed.R.Civ.P.

3. As a final matter, we must dispose of several motions made by Mills. We deny the appel-

lant's motions for injunctive relief; to consolidate the above appeal with appeals numbered 87–1775 and 87–2873; for appointment of counsel; for a ruling on determination on the appellant's brief; and to conform to the evidence in a motion for ruling or determination on the appellant's brief.