IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10443
Conference Calendar

_____


LESTER WARNELL FREEMAN,

                                        Plaintiff-Appellant,

versus

TERRI MOORE, Lawyer,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-546-D
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Lester Freeman (Texas prisoner #751150) appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action as frivolous.  In connection with his appeal, Freeman has filed a motion requesting the appointment of counsel and a motion requesting the production of a transcript of a hearing conducted before a grievance committee of the State Bar of Texas.  Freeman's motions are DENIED.

     As the basis for his § 1983 suit, Freeman states that he was

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied the effective assistance of counsel when his court-appointed attorney, Terri Moore, failed to file an appellate brief on his behalf during his direct criminal appeal. Freeman's § 1983 suit lacks an arguable basis in law because Moore was not acting under color of state law for purposes of § 1983 liability. See Polk County v. Dodson, 454 U.S. 312, 325 (1981); Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988). The district court did not abuse its discretion in dismissing his complaint as frivolous. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Freeman's appeal is likewise frivolous and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. R. 42.2. The dismissal of Freeman's complaint as frivolous and the dismissal of this appeal as frivolous each count as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). We caution Freeman that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) WARNING ISSUED.