IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51136
Summary Calendar
_____

ANTONIO SEPEDA,

                                        Plaintiff-Appellant,

versus

JAMES H. DENSFORD, Attorney at Law,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-99-CV-149
--------------------
June 7, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Antonio Sepeda (#469585), a state prisoner, filed a civil rights complaint in the district court, alleging that James Densford, an attorney, had conspired with Sepeda's ex-wife, to deprive him of personal property without due process.  Mr. Densford allegedly represented Ms. Sepeda in divorce proceedings while pursuing criminal assault charges against Sepeda in his capacity as an assistant county attorney.  Sepeda contends that Mr. Densford helped his ex-wife to prepare a false affidavit

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

stating that she did not know Sepeda's whereabouts, when, in fact, both knew that Sepeda was incarcerated.

The district court dismissed the complaint as frivolous, holding that Mr. Densford was not a "state actor" for purposes of 42 U.S.C. § 1983. Sepeda gave timely notice of his appeal.

An in forma pauperis complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); see Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Section 1915(e)(2)(B)(i) dismissals are reviewed for abuse of discretion. Siglar, 112 F.3d at 193.

"[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988).

Sepeda argues that Mr. Densford acted in his official capacity as an assistant county attorney. Sepeda also contends that the district court acted prematurely in dismissing his complaint as frivolous. The district court speculated that Mr. Densford "apparently doubled as a family law practitioner." Although this fact was not finally determined by the district court, further development of the facts is not required because the district court concluded correctly that Mr. Densford, in representing Ms. Sepeda in the civil divorce proceedings, had not acted as a state actor for purposes of § 1983.

"[A] person does not act under color of state law solely by virtue of [his] relationship to the state, but depending on [his] function--i.e., the nature of [his] challenged conduct." Doe v. Rains County Indep. Sch. Dist., 66 F.3d 1402, 1411 (5th Cir. 1995).

> Regardless of one's affiliation with the state, a person acts under color of state law only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. Hence, to determine which state-law duties are such that a breach is under color of state law [], we focus on the nature of the duty, not the status of the person.

Id. at 1411-12 (internal quotation marks and citations omitted); see Polk County v. Dodson, 454 U.S. 312, 317-24 (1981) (holding that public defender is not a "state actor," reasoning that public defender's role is traditionally filled by retained counsel, for which state office and authority are not needed, and rejecting argument that "employment relationship" alone establishes state-actor element of § 1983 claim).

"Lawyers who participate in the trial of private state court litigation are not state functionaries acting under color of state law within the meaning of the Federal Civil Rights Acts; likewise, they are not liable under said Acts." Hill v. McClellen, 490 F.2d 859, 860 (5th Cir. 1974) (holding that attorney representing wife in divorce proceedings against prisoner was not a state actor), overruled on other grounds, Sparks v. Duval County Ranch Co., Inc., 604 F.2d 976, 978 & n.2 (5th Cir. 1979). Regardless whether Mr. Densford was employed as an assistant county attorney and, in that capacity, prosecuted the assault charge, Mr. Densford did not act under color of state

law in representing Ms. Sepeda in her divorce proceedings because that role is traditionally filled by private retained counsel. See Polk County v. Dodson, 454 U.S. at 317-19; Mills, 837 F.2d at 679; Hill, 490 F.2d at 860.

The district court did not abuse its discretion in dismissing the complaint as frivolous. The judgment is

AFFIRMED.