IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60741
Conference Calendar

_____

LAVEAL McGHEE,

                                        Plaintiff-Appellant,

versus

SUSIE BRADSHAW; JULIE A. EPPS,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:96-CV-106-BrS
- - - - - - - - - -
August 22, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Laveal McGhee, Mississippi prisoner # 37135, appeals from the district court's dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) of his civil rights complaint brought under 42 U.S.C. § 1983.  He argues that the district court, following a hearing held pursuant to Spears v. McCotter, 766 F.2d 179, 182 (5th Cir. 1985), abused its discretion by dismissing his claim that the actions of Yazoo County Circuit Court Clerk, Susie Bradshaw, and his trial co-counsel, Julie Epps, in failing to send him documents from his 1980 criminal trial amounted to a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denial of access to the courts.  We have reviewed the record and the briefs of the parties, and we discern no abuse of discretion. See Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

McGhee provides no argument on the issue whether Epps conspired with Bradshaw to deny him the records he sought, so as to make Epps a state actor as required for liability under 42 U.S.C. § 1983.  See Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988).

Concerning Bradshaw, who is a state actor, McGhee's assertion that court clerks have an affirmative duty to provide the parties copies of orders or pleadings filed in criminal cases is incorrect; instead they "merely have a duty to file and docket all papers filed in each court case." Brooks v. George County, Miss., 84 F.3d 157, 168-69 (5th Cir. 1996).  When "'no duty to act existed, the failure to act [does] not violate the constitution.'"  Id. at 169, quoting Salas v. Carpenter, 980 F.2d 299, 307 (5th Cir. 1992).  McGhee's own exhibit of Bradshaw's letter to him, submitted during the Spears hearing, shows that she fulfilled his request for copies of the case documents she had in the court's file.  Bradshaw's conduct exceeded her duty under the circumstances, and McGhee's terse argument on the issue fails to establish any liability under 42 U.S.C. § 1983.  See Brooks, 84 F.3d at 169.

AFFIRMED.