IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10723
Conference Calendar
_____


NORMAN W. YOES,

                                              Plaintiff-Appellant,

versus

RAY HALL, JR., Attorney at Law,

                                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-461-Y
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:*

    Norman W. Yoes, Texas prisoner # 0249027, appeals the
dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for
failure to state a claim under 28 U.S.C. §§ 1915(e) and 1915A.
Yoes argues that appellee Ray Hall, Jr., Yoes' court-appointed
attorney, rendered ineffective assistance.  Yoes seeks this
court's assistance in helping him obtain the appointment of
substitute counsel.

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

To establish liability under 42 U.S.C. § 1983, Yoes must demonstrate a violation of his rights secured by the Constitution or laws of the United States committed by a person acting under color of state law.  See Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994).  Yoes' court-appointed attorney is not a state actor for purposes of 42 U.S.C. § 1983 liability.  See Polk County v. Dodson, 454 U.S. 312, 324-25 (1981); see also Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988).  Accordingly, the district court's dismissal of Yoes' complaint as frivolous and for failure to state a claim is AFFIRMED.

The district court's dismissal of Yoes' 42 U.S.C. § 1983 complaint as frivolous resulted in Yoes' second strike under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  We caution Yoes that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).