United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-41524
Conference Calendar

---

REGINALD JONES,

Plaintiff-Appellant,

versus

COLLIN COUNTY TEXAS; ROGER V. DICKEY; CURT HENDERSON;
WILLIAM DOBIYANSKI; DEBORAH HARRISON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:02-CV-199
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Reginald Jones ("Jones"), Texas state prisoner #781143,
appeals the district court's dismissal of his 42 U.S.C. § 1983
civil rights complaint for failure to state a claim upon which
relief may be granted. Jones alleged that the defendants'
actions resulted in him being wrongly convicted and incarcerated.
Jones contends that he is entitled to relief because the
defendants are not immune from liability because they knowingly
obstructed justice.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Jones did not allege that the defendants acted outside of the scope of their judicial functions and, therefore, the district court did not err in determining that the defendants were entitled to absolute immunity. See Mays v. Sudderth, 97 F.3d 107, 110-11 (5th Cir. 1996); Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). Furthermore, Jones' appointed counsel is not a state actor for purposes of § 1983 liability. See Polk County v. Dodson, 454 U.S. 312, 324-25 (1981); see also Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988). Because Jones is challenging his conviction, his federal remedy is a writ of habeas corpus, not a 42 U.S.C. § 1983 action. See Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998); Preiser v. Rodriquez, 411 U.S. 475, 500 (1973).

Jones' appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2. The dismissal of this appeal and the dismissal by the district court each count as a "strike" for the purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). We note that Jones has two previous strikes against him. See Jones v. Woerner, No. 01-40867 (5th Cir. Feb. 22, 2002)(unpublished); Jones v. Murray, No. 02-40848 consolidated with No. 02-40890 (5th Cir. Dec. 16, 2002) (unpublished). By accumulating three strikes, Jones is barred from proceeding *in forma pauperis* in any subsequent civil action

or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR INVOKED.