United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-11339
Conference Calendar

———————————

BRIAN K. MAYNARD,

Plaintiff-Appellant,

versus

PRICE REALTY CO.,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-2030-R
- - - - - - - - - -

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Brian K. Maynard, a Texas resident, moves to proceed in forma pauperis ("IFP") on appeal from the district court's order granting the defendants' FED. R. CIV. P. 12(b)(6) motion to dismiss his complaint, purportedly filed pursuant to the civil rights provision, 42 U.S.C. § 1983, for failure to state a claim on which relief may be granted. By moving for IFP, Maynard is challenging the district court's certification that IFP status should not be granted because the appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Maynard's IFP

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"motion must be directed solely to the trial court's reasons for the certification decision." Baugh, 117 F.3d at 202.

Maynard alleged that he formerly lived in and worked for a Dallas apartment complex operated by Price Realty Co., and that, after such relationship was terminated, Price Realty maliciously caused fraudulent information to appear in Maynard's credit report. Maynard alleged that these actions violated various constitutional rights and Title VII of the Civil Rights Act. He also asserted several state-law claims.

The district court granted the defendants' Rule 12(b)(6) motion on the ground that Maynard's allegations failed to establish that Price Realty had acted under "color of state law." See Morris v. Dearborne, 181 F.3d 657, 666 n.6 (5th Cir. 1999). In his pro se appellate brief, Maynard has made no allegations to suggest that Price Realty either acted under color of state law or conspired with a state actor. See id.; Mills v. Criminal Dist. Ct. No. 3, 837 F.2d 677, 678 (5th Cir. 1988). Maynard has not made allegations sufficient to establish an employment-discrimination claim under Title VII. See Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 403 (5th Cir. 1999). Maynard has not explicitly argued that the court abused its discretion by declining to exercise supplemental jurisdiction over his state-law claims. See 28 U.S.C. § 1367(a), ©)(3); Batiste v. Island Records, Inc., 179 F.3d 217, 226 (5th Cir. 1999).

Maynard's appeal is without arguable merit, Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983), and his motion to proceed

IFP on appeal is DENIED.  We also DISMISS the appeal as frivolous.  5TH CIR. R. 42.2; Baugh, 117 F.3d at 202 & n.24.

IFP DENIED; APPEAL DISMISSED.