United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10463
Summary Calendar

CALVIN M. SMALL,

Plaintiff-Appellant,

versus

DALLAS COUNTY, TEXAS; JIM HAMLIN, District Clerk;
MANNY ALVAREZ, 5th Criminal District Court; JIM MOORE,
Attorney,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-1427
--------------------

Before JONES, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Calvin M. Small, Texas prisoner # 1014715, appeals the
district court's dismissal of his 42 U.S.C. § 1983 civil rights
complaint for failure to state a claim upon which relief may be
granted pursuant to FED. R. CIV. P. 12(b)(6). Small argues that the
district court erred in dismissing his claim against Judge Manny
Alvarez based on absolute immunity. Small's reliance on Turner v.
Upton County, 915 F.2d 133, 138 (1990), is misplaced as it did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

hold that a judge who has absolute immunity may be held liable for the actions of his alleged coconspirators. See Holloway v. Walker, 765 F.2d 517, 522 (5th Cir. 1998) ("It is a well settled rule that where a judge's absolute immunity would protect him from liability for the performance of particular acts, mere allegations that he performed these acts pursuant to a bribe or conspiracy will not be sufficient to avoid immunity."). Because Small has not shown that the actions complained of were nonjudicial in nature or were taken in the complete absence of jurisdiction, the district court did not err in holding that Judge Alvarez was entitled to absolute immunity. See Mireless v. Waco, 502 U.S. 9, 11-12 (1991); Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994).

Small argues that the district court erred in dismissing his claim against his attorney, Jim Moore. Small's claim against Moore is not cognizable under § 1983 because a defense attorney in a criminal proceeding is not a state actor. Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996). Further, Small's allegations of a conspiracy are conclusional and do not suffice to state a civil rights conspiracy. See Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988); see also Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986).

Small also argues that the district court erred in dismissing his claims based on Heck v. Humphrey, 512 U.S. 477 (1994), and he relies on Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242 (2005).

2

Small has not shown that his claim would not necessarily imply the invalidity of his conviction.  Therefore, the district court did not err in holding that Small's claims were barred by Heck.  See Heck, 512 U.S. at 486-87; Kutzner v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir. 2002).

The district court's judgment may be affirmed on any ground apparent from the record.  United States v. McSween, 53 F.3d 684, 687 n.3 (5th Cir. 1992).  Jim Hamlin, Clerk of the district court, is entitled to absolute immunity as Small has not alleged that any of his actions were not taken under court order or at a judge's discretion.  See Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001).  Further, Small's unsupported conclusional allegations are insufficient to establish a conspiracy between Hamlin and Dallas County.  See Mills, 837 F.2d at 679; Hale, 786 F.2d at 690.

**AFFIRMED.**