United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-11147
Summary Calendar
_____

LAKEITH AMIR-SHARIF,

                                        Plaintiff-Appellant,

versus

DALLAS COUNTY PUBLIC DEFENDERS OFFICE; BRAD LOLLAR, CHIEF PUBLIC
DEFENDER; LYNN PRIDE-RICHARDSON; DOUGLAS HUGH SCHOPMEYER; TEXAS
DALLAS COUNTY; DALLAS COUNTY COMMISSIONERS COURT; JOHN HAMPTON
READ, III,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1038
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Lakeith Amir-Sharif filed the instant 42 U.S.C. § 1983 suit

to seek redress for the allegedly poor legal representation he

received in connection with his criminal proceedings.  The

district court dismissed his suit and certified that his appeal

was not taken in good faith.  Amir-Sharif challenges the district

court's certification decision pursuant to Baugh v. Taylor, 117

F.3d 197, 202 (5th Cir. 1997), and he requests that this court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grant him authorization to proceed IFP on appeal. He also requests appointed counsel.

Amir-Sharif reiterates his claims concerning the quality of legal assistance being provided to him by appointed counsel and the public defender. His claims against the attorney defendants are unavailing because they are not state actors for § 1983 purposes. See Polk County v. Dodson, 454 U.S. 312, 324-25 (1981); see also Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679. Amir-Sharif's claims against the governmental defendants are unavailing because they are based on no more than his own conclusional allegations. See Babb v. Dorman, 33 F.3d 472, 476 (5th Cir. 1994).

Amir-Sharif has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, his motion for authorization to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24. The dismissal of Amir-Sharif's appeal as frivolous by this court counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of his complaint. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Amir-Sharif is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under

imminent danger of serious physical injury.  <u>See</u> 28 U.S.C.
§ 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.