**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2011

Lyle W. Cayce
Clerk

No. 11-40029
Summary Calendar

TANYA RENEE HENDERSON,

Plaintiff-Appellant

v.

JASPER POLICE DEPARTMENT; UP FOSTER, Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-151

Before DAVIS, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Tanya Renee Henderson appeals the 28 U.S.C. § 1915(e)(2)(B)(ii) dismissal for failure to state a claim upon which relief may be granted of her 42 U.S.C. § 1983 lawsuit, asserting that the Jasper Police Department and Officer Foster falsely arrested her in December 2007 and in April 2008 and that her probation was erroneously revoked in July 2007. The district court dismissed her December and July 2007 claims because they were time barred and her April 2008 claim because it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) de novo, applying the standard used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citation omitted).

As an initial matter, Henderson has not briefed any challenge to the district court's reasons for dismissing her suit; she has therefore abandoned her claims based on the December 2007 and April 2008 false arrests and the July 2007 probation revocation.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Henderson raised for the first time in her objections to the magistrate judge's recommendations a claim that a Jasper County investigator and her attorney threatened her into pleading guilty by informing her that if she did not plead guilty and agree to probation, she would face two years in prison.  We could decline to address these claims, *see Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (28 U.S.C. § 2254 case); however, even if we were to address the claims, they are meritless.  Because Henderson has alleged only that the Jasper investigator warned her of the sentence that she could receive if she did not accept the plea bargain providing for probation, she has not established that her guilty plea was the result of mental coercion overbearing her will.  *See Bordenkircher v. Hayes*, 434 U.S. 357, 358, 363-65 (1978).  Henderson's similar claim against her court-appointed attorney is without merit because she has not shown that he was an official state actor.  *See Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).

Finally, because Henderson did not raise in the district court a claim that the Jasper County Sheriff also threatened her to plead guilty, we will not

No. 11-40029

address the issue here. *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008).

AFFIRMED.