# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 4, 2011

No. 11-10201
Summary Calendar

Lyle W. Cayce
Clerk

JEREMY RYAN HADDIX,

Plaintiff-Appellant

v.

STATE OF TEXAS; JUSTIN SMITH; KENNETH MOSER; MICHAEL GUADET; STEPHANIE MILLER; BILL MOORE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2352

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Jeremy Ryan Haddix filed the instant civil rights suit to seek redress for the alleged wrongful actions of several police officers and state prosecutors following a traffic stop that resulted in his arrest and conviction for possession of a prohibited weapon. He also raised claims against appointed counsel and the judge who oversaw his criminal proceedings. The district court dismissed Haddix's suit under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief could be granted after concluding that the issues raised in his original and amended complaints were barred by immunities and *Heck v. Humphrey*, 512 U.S. 477 (1994). This appeal ensued.

We conduct a de novo review of a § 1915(e)(2) dismissal for failure to state a claim upon which relief can be granted. *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011). Although the facts are viewed in the light most favorable to the plaintiff, he must nonetheless allege sufficient facts to establish a valid claim to meet this standard. *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010).

In his brief to this court, Haddix insists that his conviction is invalid due to the improper actions of the defendants, but he does not assert that his conviction has been overturned or even dispute the district court's determination that this conviction was still outstanding. Haddix has shown no error in connection with the district court's *Heck* determination. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Heck*, 512 U.S. at 487. He likewise has shown no error in connection with the district court's determination that certain defendants were entitled to sovereign, prosecutorial, and judicial immunity, nor has he shown that the district court erred by considering the immunity issue. *See Imbler v. Pachtman*, 424 U.S. 409, 423 (1976); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). As the district court concluded, Haddix's claims against his appointed attorneys fail because these individuals were not proper parties to this suit. See *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).

The judgment of the district court is AFFIRMED.