# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 2, 2012

Lyle W. Cayce
Clerk

No. 11-10769
Summary Calendar

LAPRINCE BLACK,

Plaintiff-Appellant

v.

ATTORNEY DAN COX; DISTRICT ATTORNEY RICKY SYKES; JUDGE GENE KNIZE,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-625

Before STEWART, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

LaPrince Black, Texas prisoner # 1735050, moves for leave to proceed in forma pauperis (IFP) in an appeal from the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief can be granted. Black's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10769

Black argues that the district court erred in dismissing his civil rights claims, which concern his conviction and sentence on felony theft charges.  He asserts that his attorney, Dan Cox, acted under color of state law and provided ineffective assistance of counsel.  He contends that the prosecutor, Ricky Sykes, does not enjoy absolute immunity.  Black also claims that the trial judge, Gene Knize, is not immune from suit.

These contentions are without merit.  "[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).  "[A] prosecutor is absolutely immune when [he] acts in [his] role as an advocate for the state by initiating and pursuing prosecution." *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 637 (5th Cir. 2000).  This immunity extends to a "prosecutor's conduct before a grand jury." *Burns v. Reed*, 500 U.S. 478, 490 (1991).  Only in the clear absence of jurisdiction will "[a] judge . . . be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  The proper issue "is not whether the judge actually had jurisdiction, or even whether the court exceeded its jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power." *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995).

Black's appeal is without arguable merit and is frivolous.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  The IFP motion is denied, and the appeal is dismissed.  *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2.

Black is cautioned that the dismissal of this appeal as frivolous and the district court's dismissal of the complaint both count as strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  He is cautioned that if he accumulates three strikes under § 1915(g), he will be unable to proceed in forma pauperis in any civil action or appeal filed while he

No. 11-10769

is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.