# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30405
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2015

Lyle W. Cayce
Clerk

MARK DOUGLAS HAMIL,

Plaintiff-Appellant

v.

WILLIAM NADER,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CV-2766

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mark Douglas Hamil, former Louisiana prisoner # 52309, appeals the dismissal of his 42 U.S.C. § 1983 complaint against William Nader, Hamil's retained counsel in a prior state criminal case against Hamil for driving while intoxicated (DWI). Hamil alleged that Nader provided ineffective assistance of counsel in the DWI case by committing errors regarding video evidence which purportedly demonstrated Hamil's innocence; failing to adopt pro se

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motions Hamil had filed; and failing to challenge the State's evidence. Reasoning that Nader did not qualify as a person acting under color of state law for purposes of § 1983, the district court dismissed Hamil's suit as frivolous under 28 U.S.C. § 1915(e).

In his first argument, Hamil reiterates his ineffective assistance claims against Nader and contends that Nader was converted into a state actor because he acted in concert with state officials to violate Hamil's due process and equal protection rights in the DWI case. A district court's determination that a case is frivolous under § 1915(e) is reviewed for abuse of discretion. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). To state a claim under § 1983, a plaintiff must allege a violation of a right, privilege, or immunity secured by the Constitution or laws of the United States and must demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Ellison v. De La Rosa*, 685 F.2d 959, 960 (5th Cir. 1982).

An attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty v. Dodson*, 454 U.S. 312, 325 (1981); *see Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). However, a defense attorney may be held liable under § 1983 if the attorney conspired with state officials in the criminal case. *Mills*, 837 F.2d at 679.

Hamil's allegations against Nader do not support such a conspiracy. At most, his allegations state claims of ineffective assistance of counsel based on Nader's independent judgments and actions in the course of representing Hamil in the DWI case. *See Mills*, 837 F.2d at 679. Hamil has not shown that the district court erred in determining that Nader did not qualify as a person

acting under color of state law for purposes of § 1983. *See Polk Cnty*, 454 U.S. at 324-25.

Hamil also argues that we should hold that the dismissal of an earlier, separate § 1983 case he filed was erroneous, should award him monetary damages as relief in that case, and should expunge his illegally obtained DWI conviction. Hamil did not appeal the judgment dismissing his earlier case as frivolous. *See Hamil v. Scott*, No. 5:13-cv-694 (W.D. La. June 4, 2013). He may not use this appeal as a substitute for an appeal in that case, and we will not consider his contentions regarding the earlier case. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) (holding that a timely notice of appeal is a jurisdictional requirement in a civil case).

We note that the allegations in Hamil's instant complaint are similar to his allegations of ineffective assistance against Nader in his prior § 1983 case, and his prior claims against Nader were likewise dismissed as frivolous on the ground that Nader was not an actor under color of state law. We warn Hamil that future frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Hamil is further warned that, in order to avoid the imposition of sanctions, he should review any pending appeals and actions and move to dismiss any that are frivolous.

Because Hamil was incarcerated at the time he filed the complaint in this case, the district court's dismissal of Hamil's instant complaint counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir.1996). The district court's dismissal of Hamil's earlier suit as frivolous in *Hamil*, No. 5:13-cv-694, counts as another strike. *See id.* Hamil is cautioned that if he accumulates three strikes under § 1915(g), he may not

No. 14-30405

proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.