# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10489
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 10, 2015

Lyle W. Cayce
Clerk

TERRANCE T. COLER,

Plaintiff−Appellant,

versus

JUDGE KEMP; VICKY RICE, Defense Counsel; DR. PITTMAN,

Defendants−Appellees.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-237

Before SMITH, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Terrance Coler, Dallas County prisoner #13078686, moves for leave to proceed *in forma pauperis* ("IFP") in this appeal of the dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). By moving to proceed IFP, Coler is challenging the district court's certification that the appeal was not taken in good faith. *See Baugh v. Taylor*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10489

117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Coler claims that the judge and clerk tampered with his legal mail and conspired to violate his due-process rights and that the judge denied his right to appeal.  He further contends that he submitted a motion for a change of venue, that the clerk did not file the motion, and that a change of venue is necessary for him to receive justice.

If the district court determines that an appeal is frivolous, it may certify that it is not taken in good faith.  *See Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a).  By making that certification, the court determined that Coler should not be allowed to proceed IFP on appeal, but the court did not deny Coler the right to appeal.  *See Baugh*, 117 F.3d at 199−200; *see* Rule 24(a).

Coler does not identify any error in the district court's determination that his claims were conclusional, that Judge Kemp and Dr. Pittman were entitled to absolute immunity, and that Rice could not be held liable under § 1983 because Coler did not show that she acted under color of state law.  Therefore, Coler has abandoned those issues on appeal by failing to brief them adequately.  *See Yohey v. Collins*, 985 F.2d 222, 224−25 (5th Cir. 1993); FED. R. APP. P. 28(a); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Nonetheless, the district court did not err in determining that Judge Kemp and Dr. Pittman are entitled to absolute judicial immunity.  *See Boyd v. Biggers*, 31 F.3d 279, 284−85 (5th Cir. 1994); see also *Williams v. Consovoy*, 453 F.3d 173, 178 (3d Cir. 2006); *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d

2

No. 14-10489

741, 744 (8th Cir. 1998).  The court also did not err in determining that Rice could not be held liable under § 1983 because Coler did not show that she acted under color of state law.  *See Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).

Coler has not shown that he will raise a nonfrivolous issue on appeal. Therefore, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of the § 1983 complaint and the dismissal of this appeal count as two strikes under § 1915(e).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  The district court previously dismissed two of Coler's civil actions with prejudice as frivolous pursuant to §§ 1915(e) and 1915A.  *See Coler v. Dallas Cnty. Sheriff's Dep't*, No. 3:14-CV-1819 (N.D. Tex. Oct. 7, 2014); *Coler v. Hoff,* No. 3:14-CV-236 (N.D. Tex. Apr. 21, 2014).  Because Coler did not appeal those judgments, each counts as a strike against him under § 1915(e).  *See Adepegba*, 103 F.3d at 388.  Coler has now accumulated at least three strikes and therefore may not proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).