# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60387
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2017

Lyle W. Cayce
Clerk

CHRISTOPHER RAY INGRAM,

Plaintiff-Appellant

v.

CAROLYN MOONEY, Chancery Clerk, Lauderdale County, Mississippi;
JANE S. MILLER, Staff Attorney; RENEE R. COVERT, D.C., Circuit Court;
FRANCES S. STEPHENSON, Esq.; LAUDERDALE COUNTY YOUTH
COURT; JUDGE VELDORE YOUNG,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-964

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Christopher Ray Ingram, Mississippi prisoner # 110941, filed a civil
rights complaint against, among other defendants, Mississippi Youth Court
Judge Veldore F. Young and Frances S. Stephenson, Ingram's former attorney,
alleging that they violated his constitutional rights and Mississippi state law

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

during the course of child custody proceedings involving Ingram's son and daughter. The district court ruled that Judge Young was entitled to absolute immunity, dismissed for failure to state a claim the claims against the other defendants except for Stephenson, and later declined to exercise supplemental jurisdiction over Ingram's state-law claims against Stephenson. Ingram challenges only the court's rulings on his claims against Judge Young and Stephenson. He thus has abandoned the claims that he raised against the remaining defendants, and we do not address them. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). To the extent that he now seeks to allege that a court reporter violated his right to due process, he may not raise a claim for the first time in this court. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The district court dismissed Ingram's claims against Judge Young at the screening stage of the proceedings, and we review that decision de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Denying Ingram's motion to recuse was within Judge Young's judicial capacity, *see Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005), and Ingram has not shown that she acted in the "complete absence of all jurisdiction," *Mireles*, 502 U.S. at 12. Ingram's allegations that she erred in the manner that she dismissed the motion, committed misconduct, and acted in bad faith are insufficient to deprive her of immunity. *See Mireles*, 502 U.S. at 11-13.

As for Stephenson, to the extent that Ingram intended to allege federal constitutional claims and not simply state-law claims against her, private attorneys are not official state actors and thus are generally not subject to suit under 42 U.S.C. § 1983. *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *see Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981). Moreover,

No. 15-60387

because Ingram's federal claims were properly dismissed, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over his state-law claims against Stephenson. *See Heggemeier v. Caldwell Cty., Texas,* 826 F.3d 861, 872 (5th Cir. 2016); 28 U.S.C. § 1367(c)(3).

Ingram's motion to strike Stephenson's brief is DENIED. The district court's judgment is AFFIRMED. The district court's partial dismissal for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g), and Ingram has at least one additional strike. *Ingram v. Lauderdale County, Miss.,* 4:10-CV-7, 34, 2-3 (S.D. Miss. Apr. 26, 2011). He is WARNED that if he accumulates a third strike, he will not be allowed to proceed in forma pauperis in any civil action or appeal while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).