# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11483

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2018

Lyle W. Cayce
Clerk

ROYAL DOUGLAS ROBINSON,

Plaintiff-Appellant

v.

AUGUSTUS CORBETT; STANLEY R. MAYS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2931

Before CLEMENT, OWEN, and WILLETT, Circuit Judges.

PER CURIAM:*

Royal Douglas Robinson, Texas prisoner # 2066342, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) of his 42 U.S.C. § 1983 action, in which he alleged that his state-appointed defense attorneys violated his constitutional rights during his trial. The district court denied Robinson's IFP motion and certified that the appeal was not taken in good faith. By moving

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11483

for IFP status, Robinson is challenging the district court's certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Robinson argues that the district court erred in recommending that his complaint be dismissed for failure to state a claim because his state-appointed attorneys were not state actors who could be sued under § 1983.  He contends that state-appointed defense attorneys should be considered state actors who fulfill the State's duty to provide representation to indigent defendants, just as prison doctors are considered state actors fulfilling the State's duty to provide medical care to prisoners.

Court-appointed lawyers are not state actors for § 1983 purposes when they are performing a lawyer's traditional functions as counsel in a criminal proceeding.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).  Robinson's claim that his defense attorneys violated his constitutional rights during voir dire and the opening statement concerns actions that fall within the traditional tasks performed by counsel in defending a client.  *See Dodson*, 454 U.S. at 317-18.

Robinson has not shown that he will raise a legal point on appeal that is arguable on its merits.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, his motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  His motion for appointment of counsel is also DENIED.

The district court's dismissal of Robinson's § 1983 complaint as frivolous counts as a strike under § 1915(g), as does the dismissal of this appeal as frivolous.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015).  Robinson is CAUTIONED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or

No. 17-11483

detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).