# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-10199
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2024

Lyle W. Cayce
Clerk

Kevin Beckstrand,

*Plaintiff—Appellant*,

*versus*

Erin Beckstrand, *Vice President, Fidelity Investments*; Lloyd Whelchel, *Assistant District Attorney, Tarrant County Texas*; Richard J. Corbitt,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-869

————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Kevin Beckstrand, Texas inmate # 0794566, filed suit, in forma pauperis (IFP) under 42 U.S.C. § 1983 against his ex-wife Erin Beckstrand, her attorney Richard J. Corbitt, and Tarrant County assistant district attorney Lloyd Whelchel. Beckstrand alleges that the three defendants

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conspired to deprive him of his parental rights through malicious and vindictive prosecution.

The district court dismissed Beckstrand's § 1983 claims with prejudice under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1] We review dismissals under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) de novo. *Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016).

As the district court held, Whelchel has absolute prosecutorial immunity from suit under § 1983, *see Loupe v. O'Bannon*, 824 F.3d 534, 538–39 (5th Cir. 2016), and Erin Beckstrand and Corbitt are not state actors subject to § 1983 because Beckstrand's conclusory allegations regarding a conspiracy are insufficient to demonstrate that they acted under color of law, *see Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).

The judgment of the district court is AFFIRMED.

\* \* \*

This is the second time that a complaint filed by Beckstrand has been dismissed under 28 U.S.C. § 1915A(b)(1). *See Beckstrand v. Fort Worth Police Dep't*, No. 4:12-CV-697-A, 2012 WL 5439914 (N.D. Tex. Nov. 6, 2012) (dismissing similar claims against Erin Beckstrand and Whelchel, among others). Both dismissals count as a strike under 28 U.S.C. § 1915(g).

---

[1] After dismissing Beckstrand's § 1983 claims, the district court noted that Beckstrand "briefly mention[ed] seeking relief under 'state' law." The district court declined to exercise supplemental jurisdiction over "any remaining state law claims" and dismissed them without prejudice. Beckstrand's brief on appeal does not address the district court's dismissal of any state law claims. Accordingly, to the extent that Beckstrand initially brought state law claims, he has abandoned any challenge to their dismissal. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 24-10199

Beckstrand is WARNED that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).